**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NICHOLAS R. BOYD,

　　　　　Petitioner-Appellant,

　　v.

JOHN D. FERGUSON, RICHARD
HEAD (true name unknown), JAMES
KEITH, DONICE NEAL, LISA
PALOMINO, and JEANNE M.
SMITH,

　　　　　Respondents-Appellees.

No. 05-1543

(D. of Colo.)

(D.C. No. 05-ZLW-1286 (BNB))

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

　　　Petitioner-Appellant Nicholas R. Boyd claims he was subjected to unlawful

prison conditions in violation of 42 U.S.C. § 1983.  Boyd appeals the district

court's dismissal of his complaint.  Because we agree with the district court that

---

　　[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

　　[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Boyd's complaint should be dismissed for failure to exhaust administrative remedies, we AFFIRM.

## I.

Boyd asserts five claims arising from his incarceration at the Correctional Center in Rifle, Colorado: (1) retaliation by prison officials resulting in transfer to another prison facility and delayed expungement of a prison disciplinary conviction; (2) an unlawful 5:00 a.m. headcount policy; (3) an unwarranted disciplinary conviction for unauthorized possession of another inmate's legal work; (4) inadequate food and canteen services; and (5) mail policies at the federal immigration jail that prevent him mail contact with other prisoners at the facility.

The Prison Litigation Reform Act (PLRA) requires prisoners to timely and completely exhaust available administrative remedies before filing suit under 42 U.S.C. § 1983 concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). In a § 1983 action, the burden is on the prisoner to sufficiently plead exhaustion, which includes supplying supporting documentation of exhaustion, or in its absence, describing with specificity prison grievance proceedings. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209–10 (10th Cir. 2003). Finding these requirements had not been met with respect to claims one and four, the district court dismissed Boyd's complaint without prejudice pursuant

to 42 U.S.C. § 1997e(a). The court also denied Mr. Boyd's motion for reconsideration.

Since Boyd appears *pro se,* we must construe the complaint liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon***,** 935 F.2d 1106, 1110 (10th Cir. 1991). We review a district court's decision regarding exhaustion de novo. *Jernigan*, 304 F.3d at 1032.

**II.**

Boyd argues that the district court incorrectly found he had not exhausted administrative remedies with regard to his first and fourth claims. First, he asserts that he did exhaust his claim of retaliation by delayed expungement as shown by the fact that (1) he was granted relief on this claim after he filed his Step I and II grievances, and, in any case, (2) the prison staff denied him a Step III grievance form on the ground that such relief was improper for a classification grievance. Although in the abstract this allegation might be sufficient to comply with § 1997e, Boyd's allegation is unsupported by the record. Boyd did not file any grievances concerning retaliation by delayed expungement to the prison officials, but only delayed expungement. It was this grievance that was addressed and granted, not the retaliation claim. Put another way, prison officials never had the opportunity to address the retaliation claim. *See* Order at 4 (noting that Boyd "fails to explain why he did not complete the grievance procedure with respect to his claim that prison officials retaliated against him by delaying expungement of a

prison disciplinary conviction. That portion of Mr. Boyd's retaliation claim is unrelated to the classification issue and could have been raised in the grievance procedure.").

Nor did Boyd resolve his claim relating to inadequate food and canteen services. Again, Boyd argues he did exhaust, in that a prison-wide memo was circulated which (1) granted relief, and (2) suspended any future grievances for six months. Prison policy allows a prisoner who is granted relief through a general response to file a Step III grievance if he remains unsatisfied with the result. Although the record is unclear, the better interpretation of the prison's response is that the suspension of future grievances applied only to new complaints regarding the prison's food and canteen services, not to a Step III grievance objecting to the general response. Boyd did not attempt to file a Step III grievance, but only new grievances, *i.e.*, Step I grievances, which fell within the scope of the suspension.

In short, our independent review of the record reveals that Boyd's complaint does not make the particularized allegations required to show exhaustion as to claims one and four. *See Steele*, 355 F.3d at 1211 (stating that an action must be dismissed under § 1997e where particularized averments concerning exhaustion are absent). Boyd's remaining claims were also properly dismissed under the total exhaustion rule. The "PLRA contains a total exhaustion requirement . . . [such] that the presence of unexhausted claims . . . require[s] the

district court to dismiss [the] action in its entirety without prejudice." *Ross v. County of Bernalillo,* 365 F.3d 1181, 1189 (10th Cir. 2004); *see* 42 U.S.C. § 1997e(a) (stating "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Because Boyd did not completely exhaust administrative remedies for all of his claims, § 1997e(a) requires his complaint to be dismissed.

Accordingly, for the reasons stated above, we AFFIRM. We further DENY Boyd's motion to proceed *in forma pauperis.*

Entered for the Court


Timothy M. Tymkovich
Circuit Judge